IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

YAMIL KADIR SANTIAGO TORRES,                §
                                            §
              *Plaintiff,*                   §           5-25-CV-01200-FB-RBF
                                            §
vs.                                         §
                                            §
COLLECTORS UNIVERSE, INC.,                  §
                                            §
              *Defendant.*                   §
                                            §
                                            §
                                            §
                                            §
                                            §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion for Temporary Restraining Order, Preservation of Evidence, and Sanctions (the "Motion"). *See* Dkt. No. 18. All pretrial matters in this action, including requests for injunctive relief, have been referred for resolution, pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 3. Authority to enter this recommendation stems from 28 U.S.C. § 636(b). For the reasons set forth below, the Motion should be **MOOTED**, which means it will effectively be dismissed without prejudice to refiling.

Plaintiff originally filed this action after a purported failure by Defendant to publicly certify as authentic a rare Ty Cobb baseball card. Dkt. No. 1. Defendant removed the action to this Court, invoking diversity jurisdiction. Dkt. No. 1-1. The live pleading alleges fraud by non-disclosure, breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act, negligent misrepresentation, and unjust

enrichment. Dkt. No. 29 at 5-13. It seeks damages, equitable relief, attorneys' fees, and other relief. *Id*. at 13-14.

The Court held an Initial Pretrial Conference on December 17, 2025, after which it stayed and administratively closed the case pending resolution of the Motion to Dismiss that has since been mooted. Dkt. Nos. 13 & 28.

After closure, Plaintiff filed the present Motion, seeking injunctive relief related to alleged accounts-collections activity against him by Defendant. Dkt. No. 18. Plaintiff avers in his Motion that he owes to Defendant a balance of approximately $1,060.00 unrelated to the card at issue in the case, and that Defendant has cut off access to Plaintiff's online account by which he can use and access Defendant's services. *Id*. at 1-2 Plaintiff alleges that this is coercive collections activity meant to serve as leverage in this litigation, and that Defendant is attempting to spoliate evidence. *Id*. The Motion makes further requests regarding potential sanctions and the preservation of evidence. *Id*. Defendant responds that this is normal collections activity initiated as a matter of course, that it is unrelated to this litigation, and that Defendant fully understands and will comply its obligation to preserve relevant evidence. *See generally* Dkt. No. 24.

The Court held a hearing on the Motion on January 30, 2026, and benefitted from a discussion with the parties about the circumstances of the collections activity, Plaintiff's intent to immediately satisfy the debt, and the various reasons why injunctive relief would be inappropriate at this time. *See* Dkt. Nos. 23 & 28. Plaintiff, as discussed at the hearing, has failed to demonstrate his entitlement to the requested relief. And, in any event, the need for relief is moot, given the parties' representations on the record about satisfying the underlying debt.

**Conclusion and Recommendation**

For the reasons provided herein and on the record at the hearing on January 30, 2026, it is recommended that the Motion for Temporary Restraining Order, Preservation of Evidence, and Sanctions, Dkt. No. 18 should be **MOOTED.**

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the district court's standing orders. *See* Rule CV-7. The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

**SIGNED** this 6th day of February, 2026.

**RICHARD B.  FARRER**
**UNITED STATES MAGISTRATE JUDGE**

4